## FARMERS & MERCHANTS BANK OF STRINGTOWN v. BENNETT.

No. 16136—Opinion Filed Oct. 20, 1925.

Rehearing Denied Jan. 19, 1926.

### Justices of the Peace—Garnishment — Personal Action — Justice Court Procedure —Liens.

In a personal action before a justice of the peace. where a garnishee summons is issued at the commencement of the action, the

procedure in and effect of such garnishment is controlled by the statutes relating to garnishment in attachment before justices of the peace and a prior lien of the garnishee against the fund or property garnished is not affected by the lien of the garnishment under the provisions of Comp. Stat. 1921, sec. 933.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Atoka County; Otis H. Presson, Judge.

Action by H. C. Bennett against the Farmers & Merchants Bank of Stringtown upon an alleged liability as garnishee. Judgment for plaintiff, and defendant brings error. Reversed.

April 30, 1921, H. C. Bennett commenced an action in a justice court of Atoka county against J. H. Greer to recover the sum of $126.48 upon open account. In that action Bennett caused a garnishee summons to be issued and served upon the Farmers & Merchants Bank of Stringtown, which duly answered, showing an indebtedness of $39.96 to J. H. Greer at the date of service of garnishee summons upon it, but alleging that on said date the said J. H. Greer was indebted to said bank in the sum of $272, and that said bank applied said $39.96, being a deposit in said bank owned by J. H. Greer, on said indebtedness due it from the said J. H. Greer, and that it had no other property or effects of any kind or character in its possession belonging to the said J. H. Greer. This answer of the garnishee in that action was verified and no notice was served on the justice of the peace by the plaintiff in that action under section 926, Comp. Stat. 1921, that the answer of such garnishee was unsatisfactory and demanding a trial as to the truth of such answer. Thereafter judgment was rendered in the action against the defendant, J. H. Greer, for the said sum of $126.48, and the justice of the peace entered an order directing the Farmers & Merchants Bank of Stringtown, as garnishee, to pay the sum of $39.96 into the court in partial satisfaction of the judgment of Bennett against Greer. The bank failed and refused to pay said $39.96 into court, and on February 15, 1923, H. C. Bennett commenced this action in the same justice court against the Farmers & Merchants Bank of Stringtown to recover the said sum of $39.96, with interest at 6 per cent from May 11, 1921. Thereafter, on motion of the bank, the instant case was transferred on change of venue to another justice court of Atoka county, and upon trial had, that justice rendered judgment in favor of the defendant. Bennett thereupon appealed the case to the county court, where it was tried de novo, and at the close of all the testimony the court directed a verdict in favor of the plaintiff. After unsuccessful motion for new trial, defendant bank has brought the case here by petition in error with case-made attached for review.

Gordon Fryer, for plaintiff in error.

Cook & Cook, for defendant in error.

Opinion by LOGSDON, C. Three propositions are stated in the brief of defendant bank for reversal of this case, but its third proposition has been expressly waived and abandoned. The first and second propositions read:

First. That the court erred in overruling defendant's demurrer to the testimony of plaintiff at the close of plaintiff's case.

Second. The court erred in instructing the jury to return a verdict for the plaintiff in the amount sued for.

Since these two propositions involve the entire record of the trial, they will be considered and discussed together. To sustain his cause of action plaintiff introduced in evidence the judgment of the justice of the peace in the case of Bennett v. Greer, which included the order to the garnishee to pay the money into court; the garnishment summons issued and served in that case, with the return; the affidavit for garnishment; the answer of the garnishee; a second order of the justice to the garnishee to pay the money into court; a transcript of the docket entries of the justice of the peace showing all proceedings had in the case of Bennett v. Greer; also the oral testimony of J. A. Leatherwood, which merely went to show that he was acting as the agent of H. C. Bennett in the original action against Greer, none of his other testimony being material upon any issue involved in this proceeding. At the close of plaintiff's testimony defendant interposed a demurrer thereto, which was overruled by the court and exception saved. It is here contended that the court committed reversible error in overruling said demurrer for the reason that Greer was never served with a garnishment summons in the original action against him, and that the service of garnishee summons upon the bank was made by one J. W. Hicks, designated as special constable. It is contended that there is no legal authority for such an officer as special constable, and that the only way in which process may be served other than by a constable is where

the justice of the peace designates some discreet person of suitable age to serve such process and indorses such authority upon the process to be served. Comp. Stat. 1921, sec. 1071. This contention cannot be sustained. By the provisions of Comp. Stat. 1921, secs. 3455, 3456, a justice of the peace is authorized to appoint special constables under certain conditions, the justice of the peace being made the judge of the necessity for such appointment and being required only to make a memorandum thereof on his docket, and it is provided that the person so appointed by the justice, after taking the oath of office, shall have the same authority, be subject to the same penalties, and entitled to the same fees as other constables.

The answer of the garnishee, introduced in evidence as a part of plaintiff's case, omitting the formal parts, reads:

"First. That at the time of the service of the garnishee summons herein, which was the second day of May, 1921, he had in his possession and under his control $39.96 belonging to the defendant, J. H. Greer.

"Second. Further answering, states that the said J. H. Greer is indebted to the garnishee herein, the Farmers & Merchants Bank of Stringtown, Oklahoma, in the sum of $272, and said garnishee has applied said $39.96 on said indebtedness due said garnishee.

"Third. Further answering, garnishee states that he does not now hold and has not since held any other property or effects whatsoever in which the defendant is in anywise indebted (interested)."

This answer of the garnishee was duly verified, and whether the justice of the peace had jurisdiction to make the order which he did make, directing the garnishee in that action to pay the sum of $39.96 into court, must depend upon certain applicable provisions of the statutes in force at the time.

The authority for garnishment proceedings in a justice court in a personal action arising upon contract is contained in Comp. Stat. 1921, secs. 937 to 940, both inclusive. After defining the essentials of an affidavit for garnishment and the contents of the summons in garnishment, section 939 provides:

"The garnishee shall appear before the justice in accordance with the commands of said summons, and the same proceedings shall thereafter be had in the case of the appearance or default of said garnishee, as near as may be, and with like effect as in proceedings against a garnishee in attachment before justices of the peace."

Under the proceedings prescribed for garnishment in attachment before justices of the peace the liability of a garnishee and his rights after service of garnishee summons are prescribed by Comp. Stat. 1921, sec. 933, which reads:

"An order of attachment binds the property attached from the time of service, and the garnishee shall stand liable to the plaintiff in attachment for all property, monies and credits in his hands, or due from him to the defendant from the time he is served with the written notice mentioned in section 919; but when property is attached in the hands of a consignee or other person having a prior lien, his lien thereon shall not be affected by the attachment."

Since the proceedings in a garnishment before a justice of the peace are controlled by and must conform to the proceedings prescribed in cases of garnishment in attachment before justices of the peace, it is clear that the power and authority of the justice of the peace to enter the order which he did enter against the bank as garnishee in the original action between Bennett and Greer must depend on whether the bank had a prior lien upon the funds of Greer in its possession as disclosed by its answer. Comp. Stat. 1921, sec. 7434, provides:

"A banker has a general lien, dependent on possession, upon all property in his hands belonging to a customer for the balance due to him from such customer in the course of the business."

It is shown by the testimony in this case, and is conceded, that the $39.96 which the garnishee had in its hands at the time the garnishee summons was served upon it was the balance of a deposit belonging to Greer, and the verified answer disclosed that Greer was indebted to the bank at the time in the sum of $272. No notice having been served upon the justice of the peace of the unsatisfactory character of the bank's answer as garnishee, and no proof being offered and no finding made by the justice of the peace that the statements in such answer were not true and correct, it must follow that the indebtedness of Greer to the bank was established without dispute. Such being the case, the bank clearly had a lien on this deposit under section 7434, supra, and this lien being prior to the lien of the garnishment, it could not be affected thereby under section 933, supra. Therefore, the justice of the peace was without jurisdiction or authority to enter the order which he assumed to enter directing the bank to pay into his court the balance of said deposit on which it had such prior lien. The order

of the justice being void because in excess of jurisdiction, the instant action based upon such void order is not sustained by the evidence preserved in the record, and it follows that the trial court was in error in overruling defendant's demurrer to the evidence of the plaintiff and in directing a verdict in favor of the plaintiff.

For the reasons here stated, the judgment of the county court of Atoka county rendered and entered upon a directed verdict should be and the same is hereby vacated, and this cause is reversed, with directions to the trial court to sustain the demurrer of the defendant to the evidence of the plaintiff and to enter an order dismissing the action.

By the Court: It is so ordered.

Note.—See under (1) 35 C. J. pp. 603, § 206 (Anno) ; 605, § 211 (Anno).